UNITED STATES DISTRICT COURT
FOR THE **MIDDLE** DISTRICT OF **ALABAMA**
**MONTGOMERY** DIVISION

UNITED STATES OF AMERICA

    Plaintiff

v.                            CRIMINAL CASE NO.

**JESSICA LUMANIA BRUMAGHIM**   1:06CR170-10-WHA

    Movant

MOTION UNDER 18 U.S.C. § 3582(c)(2)

FOR REDUCTION OF SENTENCE BASED ON RETROACTIVE GUIDELINE AMENDMENT, EFFECTIVE MARCH 3, 2008, CONCERNING COCAINE BASE ("CRACK").

NOW COMES Movant **JESSICA L. BRUMAGHIM** in a pro-se; respectfully moves this Honorable Court pursuant to 18 U.S.C. § 3582(c)(2) and 1B1.10(c) of the United States Sentencing Guideline, to modify an already imposed sentence based upon the retroactive amendment to §2D1.1 of the Sentence Guideline which became effective MARCH 3, 2008, specifically amendment 9-which pertains to offenses involving cocaine base ("crack") has the effect of lowering the guideline sentencing range for certain categories of offenses and offenders.

The Commission has listed in §1B1.10 (c) to include amendment 9 as the guideline amendment that the courts may apply retroactively under 18 U.S.C. § 3582(c)(2) which provides that " in the case of the defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. §994(o), upon the motion of the defendant or the Director of Bureau of Prison, or on its own motion, the court may reduce the term of imprisonment, after considering factors set forth in section 3553(a) to the extent that they are applicable policy statements issued by the Sentencing Commission".

                    II.      AMENDMENTS TO THE GUIDELINES.

On May 1, 2007, the United States Sentencing Commission [hereinafter] "USSC" or "the Commission"] sent to the United States Congress proposed changes to the

Guidelines, which included **interalia,** Amendment 9, to improve crack cocaine sentences which would be a clear, notwithstanding modest step, toward reducing the harsh and unjustifiable disparities between powder cocaine and "crack". **Amendment 9 will effectively reduce Petitioner's sentence by two (2) points from the Base Offense level.** Thus crack cocaine offenses for quantities above and below the mandatory minimum threshold quantities similarly are adjusted downward by **two levels.** The amendment also designed a mechanism to determine a combined base offense level in an offense involving crack cocaine and other controlled substances.

The Commission stated in its "Reason For Amendments" that;

> " The Commission indentified as a policy **priority** for amendment cycle ending May 1, 2007, "continuation of its work with congressional, executive, and judicial branches of the government, and other interested parties on cocaine sentencing policy, " including reevaluating the Commission's 2002 report to Congress, titled **Cocaine and Federal Sentencing Policy.** As a result of the Anti-Drug Abuse Act of 1986, Pub. L. 99-57-, 21 U.S.C. §841(b)(1) requires a five year mandatory minimum penalty for a first time trafficking offense involving 5 grams or more of crack cocaine, or 500 grams of powder cocaine, and a ten year mandatory minimum penalty for a first time trafficking offense involving 50 grams or more of crack cocaine, or 5,000 grams or more of powder cocaine. Because 100 times more powder cocaine than crack is required to trigger the same mandatory minimum penalty, this penalty structure is commonly referred to as the "100 to 1 drug quantity ratio". [See Amendments to the Sentencing Guidelines pp 45-46]. [Emphasis supplied].

Clearly, the Sentencing Commission recognizes the policy priority which should be accorded the disparities surrounding cocaine sentencing. Petitioner respectfully submits that this Honorable Court so will accord the same or similar priority status in ruling upon this instant motion considering the great disparity as the reason for this modest amendment and reduce the sentence under the advisory guideline.

Defendant respectfully moves this Honorable Court to reduce his/her sentence based on the following stated facts on record:

1. Federal Registration Number: __12043-002__
2. Place of Confinement: __FCC COLEMAN CAMP__
3. Name of Court Sentenced: __ALABAMA, MIDDLE DISTRICT, MONTGOMERY__
4. Date of Sentence: __APRIL 17, 2007__
5. Length of Sentence: __33 MONTHS__

( See Movant's Attached Commitment Order)

6. Type of Drug(s), including Criminal Code Provisions: <u>21:841(A)(1) & 21:846</u>

7. Other Offenses including Criminal Code Provisions: <u>NA</u>

8. What was your Plea? <u>X</u> Guilty ___ Not Guilty ___ 5K.1.1

9. Was your Sentence determined by the Drug Quantity Table in guideline §2D1.1
   <u>X</u> Yes ___ No ___ N/A

10. Criminal History Category (point) <u>1</u> (See J&C as Exh.I)

11. Base Offense Level: <u>23</u>

### III.    CONCLUSION

For the foregoing and aforestated reason, Petitioner herein respectfully requests this Honorable Court to apply the advisory Sentencing Guidelines to the instant resentencing 18 U.S.C. § 3582(c)(2) proceedings, notwithstanding that the old, mandatory Sentencing Guidelines were in force and effect at the time of this Court's original sentencing of Petitioner. Thus applying the post **Booker** advisory Guidelines and considering the factors set forth in § 3553(a), Petitioner requests this Honorable Court to apply a newly calculated range and then determine an appropriate sentence for Petitioner, accordingly.

Petitioner further prays that this Honorable Court will grant unto him/her such other and further relief as may be deemed just and proper under the circumstances. (See Attached Exihit- Rehabilitation)

Date: <u>MARCH 27, 2008</u>

Respectfully Submitted,

*Jessica L. Brumaghim*

Name: **Jessica L. Brumaghim**

Reg. No.: **12043-002**

Unit: **F-2**

Address: **FCC Coleman Camp**
**P.O. BOX 1027**
**Coleman, FL 33521**

disabilities and mental competence of individual . . . who have little education, learning disabilities and mental impairments." Id. 621. The same is true for those defendants who may be forced to litigate their own § 3582(c)(2) motion, which would entail being conversant not only with the record at sentencing and any intervening aggravating or mitigating factors ( including those listed in amended note 1(B) to revised § 1B1.10 that were never litigated, but also with the effects of UNITED STATES v BOOKER, 543 US 220 ( 2005 ); KIMBROUGH v UNITED STATES, 128 S. Ct. 558 ( 2007 ); and GALL v UNITED STATES, 128 S. Ct. 586 ( 2007 ). With an average of over two years at stake, and no countervailing legitimate interest in a sloppy and incomplete presentation, the balance of interests requires counsel.

In sum, whether required as a matter of right under MEMPA or merely advisable in the interest of fairness and efficiency, to ensure an accurate basis for the sentence as required by TOWNSEND, and to ensure that indigent defendants such as Petitioner are not otherwise denied due process and equal protection of laws, counsel should be appointed where Petitioner is arguably eligible for a sentence reduction under § 3582(c)(2).

Wherefore, Petitioner seeks the Court to appoint counsel to marshal recalculation of the guidelines, to preserve any issues for appeal and to promote fairness and a smoother process in the § 3582(c)(2) resentencing.

Respectfully submitted,

Jessica L. Brumaghim
Jessica L. Brumaghim

## CERTIFICATE OF SERVICE

I, __Jessica Lumania Brumaghim__ hereby certify that on __March 27, 2008__ I served upon the following interested party, a true co py of the foregoing Motion for Reduction of sentence, by **United States Mail, First Class, postage pre-paid,** or as follows:

_____A. Clark Morris_____ United States Attorney

    One Court Square
    Suite 201
     P.O. Box 197
    Montgomery, AL 36101

_Jessica L. Brumaghim_
Defendent/Moving Party/Pro-Se