UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
MONTGOMERY DIVISION

UNITED STATES OF AMERICA

V.                                    CASE NO. 1:06CR170-10-WHA

JESSICA LUMANIA BRUMAGHIM

_____/


MOTION SEEKING APPOINTMENT OF COUNSEL IN THE PROCEEDINGS
UNDER 18 USC § 3582(c)(2) SEEKING A SENTENCE REDUCTION

The Petitioner, **JESSICA L. BRUMAGHIM,** now moves this Court for appointment of counsel to represent Petitioner in the resentencing proceedings under 18 USC § 3582(c)(2).

REASONS TO APPOINT COUNSEL IN A § 3582(c)(2) PROCEEDING

Petitioner is painfully aware that every circuit to have reached the issue in reference to appointment of counsel has held that there is no automatic right to counsel in a § 3582(c)(2) proceeding. See UNITED STATES v LEGREE, 205 F. 3d 724, 730 ( 4th Cir. 2000 ); UNITED STATES v TIDWELL, 178 F. 3d 946, 949 ( 7th Cir. 1999 ); UNITED STATES v TOWNSEND, 98 F. 3d 510, 512-13 ( 9th Cir. 1996 ); UNITED STATES v WHITEBIRD, 55 F. 3d 1007, 1011 ( 5th Cir. 1995 ); and UNITED STATE v REDDICK, 53 F. 3d 462, 465 ( 2nd Cir. 1995 ), all standing for the proposition that, the Criminal Justice Act permits but does not require appointment of counsel in § 3582(c)(2) resentencing.

Petitioner submits, that those cases referenced supra, were decided prior to UNITED STATES v BOOKER, 543 US 220 ( 2005 ), at a time when sentencing was

mechanical and mandatory. They no longer make since under the Supreme Court's interpretation of the governing sentencing law, or under revised § 1B1.10, both of which require the Court to do more than calculate a guideline range; the Court must evaluate additional facts and exercise discretion in determining the ultimate sentence. According to the Commission, when determining whether a reduction is warranted at all, and the extent of such reduction, the Court " shall consider " the § 3553(a) factors," shall consider the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment, " and " may consider post-sentencing conduct of the defendant that occurred after imposition of the original term of imprisonment. See amended § 1B1.10 comment. ( n. 1 (B)(i)-(iii). Thus, even if this Court decides to strictly follow the commission's policy statement, it must make three separate factual determinations in addition to those made at the initial sentencing. In any situation where new facts have to be marshaled and new arguments have to be made in aid of the Court's sentencing decision, the Sixth Amendment requires the assistance of counsel.[1] See **MEMPA v RHAY**, 389 US 128 ( 1967 ). In **MEMPA**, the Supreme Court held that the right to counsel attaches to any stage of a criminal proceeding where substantial rights of the defendant may be affected, including a probation revocation hearing. In so holding, the court rejected the state's argument that . . . probation revocation hearing was not a " sentencing " at which the right to counsel should attach. . . . However, the judge and prosecutor were to recommend to the Parole Board the length of the

---

1. Those courts that have held pre-Booker that there is no automatic right to counsel in a § 3582(c)(2) proceeding were careful to limit the holding to situations where there was no need to marshal any facts in addition to those presented at the initial sentencing. See **LEGREE**, 205 F. 3d at 730, and **WHITEBIRD**, 55 F. 3d at 1011.

2.

sentence to be served, along with information about the circumstances of the offense and the character of the defendant." Obviously to the extent such recommendations are influential in determining the result sentence, the necessity for the aid of counsel in marshaling the facts, introducing evidence of mitigating circumstances and in general aiding and assisting the defendant to present his case as to sentence is apparent." Id.

Now after **BOOKER** and amended § 1B1.10, **MEMPA** requires counsel in § 3582(c)(2) resentencings.[2] First, there is no question that in a § 3582(c)(2) proceeding, as in **MEMPA**, defense counsel is necessary to aid in calculating the revised guideline range, marshal the facts and evidence that pertain to the applicable § 3553(a) factors, defend against any allegation that public safety or post-sentence conduct should result in a denial of the reduction or a lesser reduction, and assist the defendant in presenting his motion. See **MEMPA**, 389 US at 135. Even if the Court does not permit Petitioner to argue for more than the two-level reduction, Petitioner will still have to marshal new fact-based arguments to use or defend against the three matters listed in Note 1(B) of revised § 1B1.10. Thus, **MEMPA** requires counsel.[3]

---

2. Interestingly, no circuit has distinguished or even cited **MEMPA** when finding that due process does not require appointment of counsel at a § 3582(c)(2) proceeding.

3. In **TURNBOW v ESTELLE**, 510 F. 2d 127, 129 (5th Cir. 1975), the Court relied on **MEMPA** to find that a defendant who was sentenced outside of counsel's presence was denied his Sixth Amendment right to counsel despite the fact that under state law only the jury could select the sentence, counsel had been present when the jury returned its sentence, and the court's later imposition of the sentence was largely " ministerial and mechanical." Id. at 128-29. Key to the court's holding was the fact that although the court had no authority to alter the sentence, it did have the discretion to grant credit for the approximately seven months the defendant spent in jail awaiting trial. Id. at 129. The possibility that his discretion might have been exercised in favor of **TURNBOW** was sufficient to create a situation at the sentencing stage in which his ' substantial rights ' might have been affected." Id. The same is true in a § 3582(c)(2) resentencing where this Court can exercise discretion in favor of or against the Petitioner.

Second, as in MEMPA, important legal rights must be raised at the § 3582(c)(2) hearing or they will be lost. MEMPA, 389 US at 135. Included, are the right to appeal the sentence imposed, and rights that must be raised, litigated and, if necessary, preserved, such as the right to be resentenced under an advisory guideline system. Third and closely related is the concern that, if the Court refuses to treat § 1B1.10 as advisory, Petitioner will once again be sentenced on the basis of fact that where not found by a jury or admitted by the Petitioner. Cf. MEMPA, 389 US at 136-37 ( the ability of defense counsel to assist defendant and potential loss of legal rights " assume increased significance when it is considered that, as happened in these two cases, the eventual imposition of sentence on the prior plea of guilty is based on the alleged commission of offenses for which the accused in never tried "). The facts are the same were the imposition of sentence in Petitioner's case were based on offenses for which he was never tried.

Petitioner now submits, that at the very least, defense counsel can ensure a smoother process for § 3582(c)(2) re-sentencings. Remind the Court of the numerous institutional efficiencies furthered by appointing counsel, including the increased likelihood of arriving at a negotiated settlement, since the government cannot negotiate directly with Petitioner. It is also worth pointing out to the Court that the Department of Justice's major concern in opposing retroactivity of Amendment 706 was the institutional burden on the courts. If the Justice Department is truly concerned about minimizing that burden and encouraging the efficient resolution of crack resentencings, the best way to do that is to appoint counsel. ACCORD HALBERT v MICHIGAN, 545 US 605, 623 n. 6 ( 2006 )( " No one questions . . . that the appointment of appellate counsel at state expense would be more efficient and helpful not only to defendants, but also to the appellate courts.")( citation and internal

4.

punctuation omitted ).

The absence of counsel risks constitutional error. The Supreme Court has long recognized the key due process role that defense counsel plays in ensuring the accuracy and reliability of sentencing proceedings. In TOWNSEND v BURKE, 334 US 736, 740-41 ( 1948 ), the Court found pre-Gideon that even though due process did not generally require the state to provide counsel when accepting a guilty plea and imposing sentence in a non-capital case, the absence of counsel did violate due process when the defendant was sentenced on the basis of assumptions concerning his criminal record that were materially untrue. The Court made clear that because counsel could have corrected the constitutional difference: " In this case, counsel might not have changed the sentence, but he could have taken steps to see that the conviction and sentence were not predicated on misinformation or misreading of court records, a requirement of fair play which absence of counsel withheld from this prisoner." Id. at 741. The same is true here, where defense counsel will raise and correct errors in reading the record applying the guideline, or other errors that may otherwise go unnoticed. Refusing to appoint defense counsel for Petitioner, and indigent defendant in the § 3582(c)(2) proceedings may raise additional due process and equal protection concerns. Even where a particular avenue for relief is not constitutionally required, if such an avenue is provided by statute, the government may not thereafter " bolt the door to equal justice to indigent defendants. See HALBERT, 545 US at 610; GRIFFIN v ILLINOIS, 35 US 12, 24 ( 1956 ). See, also HALBERT, 545 US at 621, finding a right to counsel on a discretionary first appeal from a guilty plea where the Court noted that "[n]avigating the appellate process without a lawyer's assistance is a perilous endeavor for a layperson, and well beyond the competence of individuals . . . who have little education, learning

5.

disabilities and mental competence of individual . . . who have little education, learning disabilities and mental impairments." Id. 621, The same is true for those defendants who may be forced to litigate their own § 3582(c)(2) motion, which would entail being conversant not only with the record at sentencing and any intervening aggravating or mitigating factors ( including those listed in amended note 1(B) to revised § 1B1.10 that were never litigated, but also with the effects of UNITED STATES v BOOKER, 543 US 220 ( 2005 ); KIMBROUGH v UNITED STATES, 128 S. Ct. 558 ( 2007 ); and GALL v UNITED STATES, 128 S. Ct. 586 ( 2007 ). With an average of over two years at stake, and no countervailing legitimate interest in a sloppy and incomplete presentation, the balance of interests requires counsel.

In sum, whether required as a matter of right under MEMPA or merely advisable in the interest of fairness and efficiency, to ensure an accurate basis for the sentence as required by TOWNSEND, and to ensure that indigent defendants such as Petitioner are not otherwise denied due process and equal protection of laws, counsel should be appointed where Petitioner is arguably eligible for a sentence reduction under § 3582(c)(2).

Wherefore, Petitioner seeks the Court to appoint counsel to marshal recalculation of the guidelines, to preserve any issues for appeal and to promote fairness and a smoother process in the § 3582(c)(2) resentencing.

Respectfully submitted

Jessica L. Brumaghim
Jessica L. Brumaghim

## CERTIFICATE OF SERVICE

I, __Jessica L. Brumaghim__ hereby certify that on __April 3, 2008__ I served upon the following interested party, a true copy of the foregoing Motion for Reduction of Sentence, by **United States Mail**, First Class, postage pre-paid, or as follows:

__A. Clark Morris__ United States Attorney

__One Court Square__

__Suite 201__

__P.O. Box 197__

Montgomery, AL 36101

*Jessica L. Brumaghim*
Defendant/Moving Party Pro-Se